[Crim. No. 7448.    Second Dist., Div. Two.    July 18, 1961.]

THE PEOPLE, Respondent, v. JAMES WELDON HARRIS, Appellant.

No appearance for Appellant.

No appearance for Respondent.

HERNDON, J.—The information in this case charged defendant with robbery and alleged that he was armed with a deadly weapon, to wit, a switch-blade knife, and that he had been convicted of a prior felony for which he had served a term in the state prison. Defendant entered pleas of "not guilty" and "not guilty by reason of insanity." He subsequently withdrew the plea of "not guilty by reason of insanity" and admitted the prior conviction.

After a jury trial in which defendant was represented by the public defender, he was found guilty of robbery in the second degree. The charge that he was armed was found untrue. He was sentenced to state prison for the term prescribed by law.

Defendant filed his notice of appeal in propria persona, reciting in said notice that the public defender "has not responded to my request that he file notice of appeal for me." Defendant thereafter made application to this court for appointment of counsel to represent him on appeal. We thereupon examined the record and determined that appointment of counsel "would be neither advantageous to the defendant nor helpful to this court" and denied the application. We notified defendant of this order and extended his time to April 21, 1961, within which to file his opening brief. No brief has been filed.

The victim of the robbery, Ted Nastos, testified to the following effect: that he was a representative of an insurance company; that on the evening of April 12, 1960, he went to the home of defendant's mother to collect some insurance premiums; that while he was seated in the living room the defendant entered, demanded money, slapped him and threatened him with an ash tray. Nastos further testified that defendant thereafter drew a switch-blade knife and again threatened him, whereupon he took out his billfold and handed it to the defendant, who removed three $5.00 bills and ran out the back door.

An investigating officer testified that he had questioned the defendant about the incident, and that the substance of defendant's statement was as follows: "I asked the defendant for his story about the incident that happened with the insurance salesman at his mother's residence. He stated that the insurance salesman had forced his way into his mother's home and was bullying his mother around; that he slapped the salesman around a little bit; that the salesman gave him

three five dollar bills to quit slapping him around. He stated he then left.''

Defendant admitted that on the occasion in question he asked Nastos for money but denied that he slapped him or threatened him in any way. Defendant testified that he told Nastos that he had just come home from the penitentiary and needed money to join a union. Defendant's testimony was to the effect that Nastos loaned him $10 with some reluctance and after some persuasion.

A careful examination of the record leaves no doubt that defendant received a fair and impartial trial. Nastos and the investigating officer were the only witnesses called by the prosecution, and defendant himself was the only witness for the defense. The record discloses no possible basis for any claim of judicial error; it presents nothing but a conflict between the testimony of the two prosecution witnesses and that given by defendant himself.

We must assume in favor of the verdict, the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict. (*People* v. *Newland,* 15 Cal. 2d 678, 681 [104 P.2d 778] ; *People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911] ; *People* v. *Massey,* 151 Cal.App.2d 623, 650 [312 P.2d 365] ; *People* v. *Mazza,* 135 Cal.App.2d 587, 596 [287 P.2d 798].)

It is entirely beyond the scope of appellate review to consider the credibility of the witnesses or the weight of the evidence. (*Estate of Teel,* 25 Cal.2d 520, 526 [154 P.2d 384] ; *People* v. *Treggs,* 171 Cal.App.2d 537, 545 [341 P.2d 342] ; *People* v. *Mazza, supra,* 135 Cal.App.2d 587, 596; *People* v. *Maxey,* 134 Cal.App.2d 611, 618 [286 P.2d 840].)

As stated in *People* v. *Daugherty, supra,* 40 Cal.2d 876, 885: ''The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. It is not whether guilt is established beyond a reasonable doubt.''

Our recitals from the record demonstrate that the verdict of the jury in the case under review is adequately supported by substantial evidence.

The judgment and the order denying motion for new trial are affirmed.

Fox, P. J., and Ashburn, J., concurred.